UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

CAROLYN CARTER                              CIVIL ACTION NO. 23-1190

VERSUS                                      JUDGE S. MAURICE HICKS, JR.

KROGER CO.                                  MAGISTRATE JUDGE HORNSBY

**MEMORANDUM RULING**

Before the Court is a Motion for Summary Judgment (Record Document 19) filed by Defendant Kroger Company ("Kroger"). Kroger seeks dismissal with prejudice of Plaintiff Carolyn Carter's ("Carter") claims, which arise out of an alleged slip-and-fall inside Kroger. Kroger maintains Carter cannot satisfy her requisite burden of proof under the Louisiana Merchant Liability Statute ("LMLA"). Carter opposes the motion, namely arguing there are unresolved questions of fact as it concerns the issue of constructive notice. See Record Document 22. For the reasons set forth below, Kroger's motion is **GRANTED**, and Carter's claims are **DISMISSED WITH PREJUDICE**.

**BACKGROUND**

On May 29, 2022, Carter was a patron of the Kroger store located at 6652 Youree Drive in Shreveport, Louisiana. See Record Document 19-1 at 1. While Carter was in a checkout line, she decided she wanted to retrieve gum that was at another checkout aisle. See id. She walked to aisle number three, and as she entered the back of the checkout aisle, slipped and fell. See id. The substance at issue is describe by Carter as "milky." Id. at 2. The slip and fall was captured on surveillance video, and photographs were obtained from a Kroger surveillance feed. See id. at 1. The parties dispute the size of the substance; however, multiple witness described the substance's size similar to the bottom

of a coffee cup or soft drink. See id. at 2; see also Record Document 19-4 at 2. Carter did not see anything on the floor prior to her fall. See Record Document 19 at 1; see also Record Document 19-4 at 2. Furthermore, she did not know how the substance came to be on the floor or how long the substance had been on the floor. See Record Document 19 at 1; see also Record Document 19-4 at 4–7.

On May 4, 2023, Carter filed suit in the 1st Judicial District Court for the Parish of Caddo, State of Louisiana, against Kroger. See Record Document 1 at 1. In her petition for damages, Carter sought damages from Kroger for injuries she alleged she sustained when she purportedly slipped and fell around a cash register in the store. See id. On September 6, 2023, Kroger removed the case to this Court pursuant to diversity jurisdiction. See Record Document 7.

In its motion for summary judgment, Kroger asserts Carter fails to prove actual or constructive notice required under the LMLA. See Record Document 19 at 1. Carter opposes the motion, asserting a genuine issue of material fact as to constructive notice. See Record Document 22 at 1. More specifically, Carter asserts that based on the black marks and streaks around the spill and the fact that during the fifteen minutes of surveillance video provided, no one is seen dropping or spilling any substance on the floor, the substance had been on the floor for a significant period of time. See id. at 3.

Kroger replied, asserting that the black marks and streaks were most likely caused by Carter when she slipped and fell. See Record Document 23 at 2. Furthermore, Kroger argues that the surveillance video is from a distance, and it also does not show that customers did not spill liquid. See id. Kroger goes onto to state that multiple customers

walked through the area within several seconds of Carter's slip, which is suggestive that there was either nothing on the floor or that it was a small spill that was hard to notice. See id.

## LAW AND ANALYSIS

### I. Summary Judgment Standard.

A court should grant a motion for summary judgment when the pleadings, including the opposing party's affidavits, "show that there is no dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56; see also Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986). In applying this standard, the Court should construe "all facts and inferences in favor of the nonmoving party." Deshotel v. Wal-Mart Louisiana, L.L.C., 850 F.3d 742, 745 (5th Cir. 2017); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986) ("The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor."). As such, the party moving for summary judgment bears the burden of demonstrating that there is no genuine issue of material fact as to issues critical to trail that would result in the movant's entitlement to judgment in its favor, including identifying the relevant portions of pleadings and discovery. See Tubacex, Inc. v. M/V Risan, 45 F.3d 951, 954 (5th Cir. 1995). Courts must deny the moving party's motion for summary judgment if the movant fails to meet this burden. See id.

If the movant satisfies its burden, however, the nonmoving party must "designate specific facts showing that there is a genuine issue for trial." Id. (citing Celotex, 477 U.S. at 323). In evaluating motions for summary judgment, courts must

3

view all facts in the light most favorable to the nonmoving party. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). There is no genuine issue for trial—and thus, a grant of summary judgment is warranted—when the record as a whole "could not lead a rational trier of fact to find for the moving party…." Id.

### II. Louisiana's Merchant Liability Statute.

In a diversity case such as this one, federal courts apply state substantive law. See Moore v. State Farm Fire & Cas. Co., 556 F.3d 264, 269 (5th Cir. 2009); Erie R. Co. v. Tompkins, 304 U.S. 64, 78 (1938). Accordingly, liability in this case is governed by the LMLA, La. R.S. 9:2800.6. Section 2800.6 imposes a duty of care on a merchant to those lawfully on its premises, "to keep the premises free of any hazardous conditions which reasonably might give rise to damage." La. R.S. 9:2800.6(A). When a negligence claim is brought against a merchant based on injuries sustained in a fall caused by a condition of the merchant's premises, a plaintiff bears the burden of providing the existence of a hazardous condition and that:

> 1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.
>
> 2) The merchant either created or had actual or constructive notice of the condition which cause the damage, prior to the occurrence.
>
> 3) The merchant failed to exercise reasonable care.

La. R.S. 9:2800.6(B).

Importantly, a plaintiff bears the burden of proof as to each of these three elements. In fact, "[t]he burden of proof does not shift to the defendant at any point, and failure to prove any one of these elements negates a plaintiff's cause of action." Melancon v. Popeye's Famous Fried Chicken, 2010-1109, p. 3 (La. App. 3 Cir. 3/16/11); 59 So. 3d

513, 515 (citing White v. Wal-Mart Stores, Inc., 97-0393 (La. 9/9/97); 699 So. 2d 1081); Ferrant v. Lowe's Home Centers, Inc., 494 Fed. Appx. 458, 460 (5th Cir. 2012).

With respect to the second element, the LMLA defines constructive notice to mean that the plaintiff "has proven that the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care." La. R.S. 9:2800.6(C)(1). The statute further clarifies that "[t]he presence of an employee of the merchant in the vicinity in which the condition exists does not, alone, constitute constructive notice, unless it is shown that the employee knew, or in the exercise of reasonable care should have known, of the condition." Id. The jurisprudence has explained that constructive notice includes a temporal element in which the plaintiff must prove the condition existed for "some period of time" prior to the fall. See White, 699 So. 2d at 1084. While the time period "need not be specific in minutes or hours," the Plaintiff must come forward with some positive evidence to satisfy the temporal element. Id.

### III. Analysis.

As stated above, this case is centered around the second element of the LMLA, specifically whether Kroger had constructive notice of the condition. Kroger asserts in its Motion for Summary Judgment that Carter failed to identify any positive evidence necessary to satisfy constructive notice. See Record Document 19 at 1. Kroger contends that Carter cannot establish constructive notice because she did not see the substance before she slipped and fell, and because Carter did not know the source of the substance. See id. Furthermore, Kroger claims Carter can offer no evidence demonstrating how long the substance was on the floor. See id.

5

In response, Carter contends she satisfied the temporal element of constructive notice by showing an employee in the area before the incident, offering testimony that this employee was told of the substance before Carter's fall, offering testimony describing tracks or treads from other customers in the area surrounding the substance, and offering testimony that the substance was potentially milk. See Record Document 22 at 3–5. Moreover, Carter contends the temporal element does not require her to prove the substance was on the floor for a specific period of time. Rather, she need only to present evidence that leads to the reasonable inference that the substance was on the ground for a sufficient period of time. See id. at 3.

After a thorough review of the summary judgment record, including the surveillance video and the applicable law, the Court finds summary judgment proper. Carter has not provided sufficient positive evidence to survive summary judgment on the issue of constructive notice. First, she presented testimony that there were a lot of shoe prints and tracks near the spill, indicating that the substance had been on the ground "a pretty good while"; however, except for one track shown in Exhibit 2, these other prints and tracks discussed in her deposition were not seen in either the surveillance video or photographs. See Record Document 22-1 at 69. Carter testified in her deposition that she did not slip in the substance, rather, she slipped in one of these surrounding tracks. See id. at 71–72. Initially, Carter stated that the substance itself did not have any tracks in it; however, after the question was posed again, she testified that the substance did have treads in it. See id. From the surveillance video and photographs, there is no evidence to support that these tracks or treads existed before Carter's fall. The video does not show these tracks or treads, and the

6

photographs were taken after Carter's fall. The tracks could have been made or altered by her fall; therefore, Carter's speculation, without further evidence, about the tracks does not prove that Kroger employees were aware of the substance on the ground.

Courts have found that if the substance was brown and had buggy marks through it, that is enough to establish the temporal element of constructive notice. See Lacy v. ABC Ins. Co., 97-1182 (La. App. 4 Cir. 4/1/98); 712 So. 2d 189; see also Woods v. Wal-Mart Louisiana, LLC, No. 11-1622, 2012 WL 5926178 (W.D. La. Nov. 26, 2012). However, unlike the spill in Woods, the spill in the instant case is not described as dirty, and the tracks or treads Carter points to are not corroborated by other witnesses, the surveillance video, or the photographs. Moreover, Carter initially testified that the spill itself did not have any tracks or treads in it. See Record Document 22-1 at 71. Therefore, her claims are unsupported and do not lead to the conclusion that the substance had been on the ground for "a pretty good while." See Record Document 22-1 at 69.

Carter argued that the substance had to be on the floor for enough time to equate to constructive notice because her counsel was only provided fifteen minutes of surveillance video prior to the fall. See Record Document 22 at 3. During those fifteen minutes, no one dropped or spilled anything in the area where Carter fell. See id. Thus, the substance had to be on the floor longer than fifteen minutes. See id. The Court is unpersuaded by this argument. Carter's mere speculation cannot overcome summary judgment. See Jones v. United States. 936 F.3d 318 (5th Cir. 2019). In Jones, the Fifth Circuit reasoned that a non-movant cannot overcome "summary

7

judgment by presenting 'speculation, improbably inferences, or unsubstantiated assertions.'" Id. at 321. Thus, Carter's assertion does not negate summary judgment.

Carter also presented evidence that an employee, Jonterrica White ("White"), was in the near vicinity of the slip and fall before and during the accident. See Record Document 22 at 4. Louisiana courts have made clear that "[t]he presence of a merchant's employee near the condition does not, in and of itself, constitute constructive notice of the condition." Blackman v. Brookshire Grocery Co., 2007-348, p. 7 (La. App. 3 Cir. 10/3/07); 966 So. 2d 1185, 1190. However, "the presence or absence of such employee in the vicinity of an unsafe condition is certainly a significant factor to be considered in determining whether a merchant had constructive notice." Id. Here, the surveillance video and deposition testimony verify that White was working as a cashier near the aisle where Carter slipped and fell. See Record Document 22-2 at 15; see also id. at 65. Even so, White testified that she did not have notice of the spill and did not tell anyone that there was a substance on the floor before the fall. See Record Document 19-1 at 4. Carter's claim that a customer told White about the spill before the accident is unsupported by any evidence. See Record Document 22-1 at 67–68. This customer could not be identified; moreover, Carter did not hear this statement, so the statement concerning this customer is hearsay and will not be considered. See id.

Additionally, White could not tell how long the spill had been there, and she could not see the area of the floor when the fall occurred from her workstation without turning and looking. See id. Moreover, White testified that she likely would not be able to see a spot of liquid from that distance anyway. See id.

8

Michelle Smith and Virginia Bunch, the two managers who came to the scene soon after, stated that Kroger did not have any prior notice of any liquid on the floor at any time before Carter fell. See id. There is no evidence supporting the argument that any Kroger employees knew about the spill. Furthermore, before the fall, several customers are seen in the surveillance video walking in the same are where Carter slipped. See id. at 2. This Court in Peterson v. Brookshire Grocery Company stated that "[t]he fact that numerous customers traversed the aisle and some appear to walk directly over the area where [plaintiff] fell only weakens [plaintiff's] argument that the condition existed for a period of time prior to her fall." No. 16-1646, 2017 WL 5147615, at *4 (W.D. La. 10/06/17). Therefore, the surveillance video and photographs combined with the deposition testimony from Kroger employees supports the conclusion that Kroger did not have constructive notice of the condition that caused Carter's fall. Carter has not satisfied her burden under the LMLA, which requires her to put forth positive evidence that Kroger had constructive notice.

Kroger contends that because Carter cannot identify the substance, the temporal element is not satisfied. In support of this contention, Kroger cites several cases, including Babin v. Winn Dixie Louisiana, Inc., in which the Louisiana Supreme Court found summary judgment appropriate because plaintiff Babin could not put forth positive evidence on how the condition was created and how long it had been present. 2000-0078 (La. 6/30/00), 764 So.2d 37. The Babin Court opined, "Despite [plaintiff's] speculation that the condition may have existed for some period prior to [plaintiff's] fall, plaintiff is clearly unable to make a positive showing that the condition did exist for some period of time [prior] to his fall." Id. at 40.

9

In the instant case, Carter did not know where the substance came from nor how long it had been on the floor. See Record Document 19-4 at 4–5. The sole support for her assertion that the substance had been on the floor for some period of time were the tracks near the substance that cannot be seen in either the surveillance video or the photographs, except for one shown in Exhibit 2. See id. at 5–9. It is uncertain how the substance ended up on the floor and how long it was present. Carter has not put forth sufficient positive evidence to clarify this uncertainty as required by the LMLA.

## CONCLUSION

Based on the foregoing analysis, this Court finds there are no genuine issues of material fact for trial and that Kroger is entitled to judgment in its favor as a matter of law. Accordingly, Kroger's Motion for Summary Judgment (Record Document 19) shall be **GRANTED**, and Carter's claims **DISMISSED WITH PREJUDICE**.

A Judgment consistent with this Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED,** in Shreveport, Louisiana, this 10th day of September, 2024.

/s/ Maurice Hicks/

United States District Judge